## Agustina Lara Estevez Plaintiff vs. Speedway LLC Defendant

**Broward County Case Number:** CACE21015487
**State Reporting Number:** 062021CA015487AXXXCE
**Court Type:** Civil
**Case Type:** Other - Discrimination Employment or Other
**Incident Date:** N/A
**Filing Date:** 08/10/2021
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 21 Singer, Michele Towbin

### — Party(ies)

Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Estevez, Agustina Lara** | | ★ Lewis, Nathaly Retained Bar ID: 118315 Remer & Georges-Pierre, PLLC 44 W Flagler St Ste 2200 United States Miami, FL 33130 **Status: Active** |
| Defendant | **Speedway LLC** | | ★ Blanco, Rocio Garcia Retained Bar ID: 99304 LITTLER MENDELSON PC 333 S.E. 2nd Ave, Sste 2700 Miami, FL 33131 **Status: Active** |
| | | | Persaud, Alan Retained Bar ID: 1009883 Littler Mendelson P.C. 333 SE 2nd Ave Ste 2700 Miami, FL 33131 **Status: Active** |

Exhibit A

## − Disposition(s)

Total: 0

| Date | Statistical Closure(s) |
|------|------------------------|

| Date | Disposition(s) | View | Page(s) |
|------|----------------|------|---------|

## − Event(s) & Document(s)

Total: 8

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 09/07/2021 | **Notice of Appearance** | Party: *Defendant* Speedway LLC | 📄 | 2 |
| 09/07/2021 | **Notice of Appearance** | Party: *Defendant* Speedway LLC | 📄 | 2 |
| 08/17/2021 | **Summons Returned Served** | 08/16/21 Party: *Defendant* Speedway LLC | 📄 | 1 |
| 08/11/2021 | **Clerk's Certificate of Compliance W-2020-73CIV/2020-74-UFC** | none | 📄 | 1 |
| 08/10/2021 | **Per AOSC20-23 Amd12, Case is determined General** | | | |
| 08/10/2021 | **Civil Cover Sheet** | Amount: $100,001.00 | 📄 | 3 |
| 08/10/2021 | **Complaint (eFiled)** | Party: *Plaintiff* Estevez, Agustina Lara | 📄 | 12 |
| 08/10/2021 | **eSummons Issuance** | Party: *Defendant* Speedway LLC | 📄 | 1 |

## − Hearing(s)

Total: 0

**There is no Disposition information available for this case.**

Exhibit A

**—** Related Case(s)                                                                    Total: 0

**There is no related case information available for this case.**

Exhibit A

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

AGUSTINA LARA ESTEVEZ,

     Plaintiff,

v.                              CASE NO.:

SPEEDWAY, LLC., a Foreign Limited
Liability Company

     Defendants

_____/

### SUMMONS IN A CIVIL CASE

**TO:** SPEEDWAY LLC**,** through its Registered Agent:

          C T CORPORATION SYSTEM
          1200 SOUTH PINE ISLAND ROAD
          PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

          NATHALY SAAVEDRA, ESQ.
          PEREGONZA LAW GROUP, PLLC.
          1414 NW 107TH AVE
          SUITE 302
          DORAL, FL 33172

an answer to the amended complaint, which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____             AUG 11 2021
CLERK                            DATE

_____
(BY) DEPUTY CLERK

**BRENDA D. FORMAN**

### Exhibit A

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

AGUSTINA LARA ESTEVEZ,

      Plaintiff,

vs.                                Case No.

SPEEDWAY LLC, a Foreign Limited Liability
Company,

      Defendant.

_____/

## COMPLAINT

Plaintiff AGUSTINA LARA ESTEVEZ, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues defendant SPEEDWAY LLC, a Foreign Limited Liability Company (hereinafter, "Defendant"), and says:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. This Court has jurisdiction of the claims herein pursuant to the FCRA.

3. The claims asserted in this Complaint arose in Broward County, Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court since Plaintiff was employed by Defendant in Hollywood, Florida.

Exhibit A

## PARTIES

5. Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within Miami-Dade Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a dark skin individual from the Dominican Republic and is Christian. She is therefore a member of a class protected under the Florida Civil Rights Act (Fla. Stat. § 760.01 *et seq.*, and hereinafter "FCRA") because the terms, conditions, and privileges of her employment were altered because of her race, color, national origin, and/or religion.

7. Further, Plaintiff was retaliated against for her complaints of discriminatory conduct on behalf of Defendant which places her within a class protected under the FCRA.

8. Defendant is a foreign corporation organized and existing in Delaware with its principal place of business in Ohio and authorized to do business in Florida. Defendant operates several stores nationwide. Specifically, Plaintiff worked in store #6460 located in Hollywood, Florida.

9. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (Fla. Stat. §760.02(7)).

10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about July 23, 2020. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was terminated from her position on March 18, 2020. Her Charge was therefore timely filed.

Exhibit A

13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

14. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS**

15. Plaintiff was hired by Defendant on January 31, 2018 as an Assistant Manager Trainee.

16. After completing Assistant Manager Training, Plaintiff began working as a Lead Assistant Manager and was assigned to Store #6460 under the supervision of Carolina Bernal (hereinafter, "Ms. Bernal").

17. In May of 2019, General Manager Sandra Fruggiero (White, Venezuelan) (hereinafter, "Ms. Fruggiero") returned from maternity leave and became Plaintiff's new supervisor.

18. From the outset, Fruggiero treated Plaintiff differently than her counterparts and other non-mixed non-venezuelan employees in virtually all respects of the work environment. Ms. Fruggerio took away any authority Plaintiff was supposed to have as a manager and Ms. Fruggiero would also assign the Plaintiff work outside of her duties and would instruct other employees to not help her.

19. Ms. Fruggiero's inability to work with Plaintiff caused problems and prohibited Plaintiff from doing her job on many occasions.

20. Plaintiff was systematically excluded from meetings, excluded from communications, isolated from trainings and stripped from any authority over her own subordinates.

21. Plaintiff complained and objected to the discriminatory treatment. Specifically, Plaintiff first complained of the disparate treatment to Ms. Fruggiero, who dismissed Plaintiff's complaints.

22. Fruggiero's conduct carried over to other of Plaintiff's subordinates, who began subjecting Plaintiff to the same level of disparaging remarks and related inappropriate conduct. Fruggiero also refused

Exhibit A

to assist Plaintiff in her work projects in a manner consistent with how she treated other employees who were not mixed race or dominican.

23. Plaintiff also complained to District Manager Cliffroy Lindsay (Black, African American) (hereinafter "Lindsay") about Ms. Fruggiero's discriminatory actions, but no actions were taken by management.

24. Fruggiero was quick to admonish Plaintiff if there was any mistakes or areas not completed at closing, but provided did not schedule any other employees to assist Plaintiff in closing nor did she allow Plaintiff to work more than 40 hours per week.

25. Plaintiff ultimately made multiple requests by phone and written communication to Mr. Lindsay to be removed from the hostile work environment and to be assigned to a different supervisor between May 2019 and December 31, 2019, all to no avail.

26. on or about January 27, 2020, Plaintiff called Human Resources to complain about the discrimination and harassment she was being subjected to. Specifically, Plaintiff complained that Fruggiero systematically excluded her from within the work environment and/or consistently treated her in a disparaging manner, denied Plaintiff training opportunities, assigned Plaintiff work that was designated to Plaintiff's subordinates and provided none of the requisite job support incumbent of her as Plaintiff's supervisor.

27. On or about February 10, 2020, two weeks after Plaintiff's complaint to Human Resources, Lindsay requested to meet with Plaintiff and Fruggiero.

28. Lindsay and Fruggiero retaliated against Plaintiff for her complaints to Human resources by threatening her job verbally. During the meeting, Lindsay told Plaintiff that he did not want her working at the store anymore and that he would transfer her to a different store after she returned from vacation.

Exhibit A

29. On or about February 27, 2020, Plaintiff left on vacation. While on vacation, Lindsay contacted Plaintiff and advised the Plaintiff she was being terminated.

30. Defendant acted with intentional disregard for Plaintiff's rights under the FCRA.

31. At all times relevant, Plaintiff was qualified for her position with Defendant in that she worked for the Defendant for one (1) year without disciplinary action.

32. Defendant is unable to support its claim that LEWIS had performance issues while employed with Defendant and therefore, its stated reason is pretextual.

33. Further, even if Plaintiff did exhibit poor performance while employed by Defendant, Plaintiff's race, national origin, religion, and or complaints of discrimination were motivating factors for Defendant's decision to terminate her employment.

34. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

35. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

**COUNT I**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON RACE)**

36. Plaintiff re-alleges and re-avers paragraphs 1-35 as though full set forth herein.

37. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her race, mixed.

38. Plaintiff is a member of a protected class, to wit, mixed race.

39. Defendant, by and through its supervisors, by the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race.

Exhibit A

40. Defendant's managers acted with intentional disregard for Plaintiff's rights as a person of mixed race under the FCRA.

41. Defendant, by and through its managers, did not treat Plaintiff the same as other non-mixed employees under the supervision of Ms. Fruggiero who were in the same or similar position had better job opportunities.

42. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to. However, even if Defendant had a reason, Plaintiff's race was, at minimum, a motivating factor in its decision to terminate her.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Specifically, Ms. Fruggiero, at all material times, acted on behalf of Defendant and acted within the scope of their duties.

45. Fruggiero mistreated Plaintiff by systematically excluding her from within the work environment and/or consistently treating her in a disparaging manner. She took away any authority Plaintiff had as to her own subordinates, excluded her from communications, denied her any training and provided none of the requisite job support incumbent of her as her supervisor.

46. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

47. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

48. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant,

Exhibit A

by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms. Fruggiero, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

49. Plaintiff re-alleges and re-avers paragraphs 1-35 as though full set forth herein.

50. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

Exhibit A

51. Since Ms. Fruggiero became Plaintiff's supervisor, Plaintiff made several complaints of disparate treatment to Ms. Fruggiero, District Manager Lindsay, and Human Resources.

52. Specifically, on or about January 27, 2020, Plaintiff met with Human Resources to report the disparate treatment and derogatory comments she was being subjected to by Ms. Fruggiero.

53. Plaintiff's complaints of disparate treatment as stated above, were protected activity under the FCRA.

54. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

55. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

56. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

57. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Fruggiero, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

58. Defendant's alleged reason(s) for the adverse employment action against Plaintiff, including but not limited to termination, (if any) are pretextual as described above.

Exhibit A

59. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaint(s) of discrimination, were a motivating factor in the decision for the adverse employment action(s).

60. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT III
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON NATIONAL ORIGIN)

61. Plaintiff re-alleges and re-avers paragraphs 1-35 as though full set forth herein.

62. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her national origin.

63. Plaintiff is a member of a protected class because the terms and conditions of her employment were altered due to her national origin.

64. Defendant's managers and representatives acted with intentional disregard for Plaintiff's rights under the FCRA as a person based on her national origin.

65. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to. However, even if Defendant had a reason, Plaintiff's national origin was, at minimum, a motivating factor in its decision for the disparate treatment of Plaintiff, including but not limited to Plaintiff's termination.

66. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

67. Specifically, Ms. Fruggiero at all material times, acted on behalf of Defendant and acted within the scope of their duties.

68. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

69. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

70. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms. Fruggiero, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

Exhibit A

## DEMAND FOR JURY TRIAL

Plaintiff AGUSTINA LARA ESTEVEZ demands trial by jury on all issues and all counts

of this Complaint so triable as a matter of right.

Dated:

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

Exhibit A

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>Agustina Lara Estevez</u>
Plaintiff                                                    Case # _____
                                                                    Judge _____

vs.

<u>Speedway LLC</u>
Defendant

### II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

Exhibit A

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

Exhibit A

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

# COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**      **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**      **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   3

**VI.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**      **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Nathaly Saavedra            Fla. Bar # 118315
         Attorney or party                      (Bar # if attorney)

Nathaly Saavedra                  08/10/2021
  (type or print name)                 Date

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,FLORIDA**

Case Number: _CACE 21-015487_

_Agustina Lara_
**Plaintiff** _Estevez_

Judge Division: _21_

vs.

_Speedway LLC_
**Defendant**



F I L E D
AUG 11 2021
By _____

# CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-73-Civ/
2020-74-UFC:

**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED
CIVIL OR FAMILY CASES",**

The Clerk has conducted a search for all previous existing civil cases related to these two
parties.

Listed below are all the aforementioned related cases: _NONE_

**BRENDA D. FORMAN,
Circuit and County Courts**

By:_____
**Deputy Clerk**

Exhibit A

## VERIFIED RETURN OF SERVICE

**State of Florida**                **County of BROWARD**                **Circuit Court**

Case Number: CACE 21-015487

Plaintiff:
**AGUSTINA LARA ESTEVEZ**

vs.

Defendant:
**SPEEDWAY, LLC, A FOREING MILITED LIABILITY COMPANY**

OCH2021001069

For:
PEREGONZA LAW GROUP
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

Received by STATEWIDE PROCESS SERVICE INC on the 15th day of August, 2021 at 8:44 pm to be served on **SPEEDWAY LLC C/O CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, KIMBERLY URTNOWSKI, do hereby affirm that on the **16th day of August, 2021** at **2:45 pm, I:**

**Served** the within named corporation by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me to **Donna Moch** as**Senior Corp Ops Manager** of **CT Corporation System** at **1200 South Pine Island Road, Suite 250, Plantation, FL 33324** who is the **Registered Agent** of the within named corporation, after informing said person of the contents of the matter thereof in compliance with FL State Statutes 48.091.

**Description** of Person Served: Age: 50+, Sex: F, Race/Skin Color: White, Height: 5'4, Weight: 125, Hair: Brown, Glasses: N

Under penalties of perjury, I declare that I have read the foregoing return of service and that the facts stated in it are true. I am over the age of 18, have no interest in the above action and am a Specially Appointed Server, in good standing, in the 17th Judicial Circuit wherein this process was served. No Notary required pursuant to F.S. 92.525(2).

**KIMBERLY URTNOWSKI**
SPS #1493

**STATEWIDE PROCESS SERVICE INC**
**5727 NW 7TH STREET**
**SUITE 317**
**MIAMI, FL 33126**
**(786) 512-2440**

Our Job Serial Number: OCH-2021001069

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w

## Exhibit A

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

AGUSTINA LARA ESTEVEZ,

     Plaintiff,

v.

SPEEDWAY LLC, a Foreign Limited Liability
Company,

     Defendant.

CIVIL ACTION NO.

CACE-21-015487 Div.: 21

## NOTICE OF APPEARANCE OF COUNSEL AND
## DESIGNATION OF E-MAIL ADDRESSES

The law firm of **Littler Mendelson, P.C.** enters the appearance of **ALAN PERSAUD, Esq.** as counsel for Defendant, **Speedway LLC** ("Defendant"), in the above-styled cause, and requests that all papers and pleadings, notices, correspondence, orders, and other papers be served upon the undersigned counsel. Further, pursuant to Florida Rule of Judicial Administration 2.516, the undersigned hereby designates the following primary and secondary e-mail addresses for mail service in the above referenced case.

Primary E-Mail:    apersaud@littler.com
Secondary E-Mail:    btapia@littler.com
Additional E-Mail:    #MiamiECFiling@littler.com

## Exhibit A

4818-8262-6553.1 / 112032-1056

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 09/07/2021 09:03:56 AM.****

Dated: September 7, 2021                    Respectfully submitted,


                                           /s/ Alan Persaud
                                           Alan Persaud, Bar No. 1009883
                                           apersaud@littler.com
                                           Rocio Blanco Garcia, Bar No. 99304
                                           rblancogarcia@littler.com

                                           LITTLER MENDELSON P.C.
                                           Wells Fargo Center
                                           333 SE 2nd Avenue
                                           Suite 2700
                                           Miami, FL  33131
                                           Telephone:   305.400.7500
                                           Facsimile:    305.675.8497

                                           Attorneys for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of Sepember 2021, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal system. I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Florida Courts E-Filing Portal or in some other authorized manner.


                          Nathaly Saavedra, Esq.
                           Juan J. Perez, Esq.
                       Peregonza The Attorneys, PLLC
                       1414 NW 107th Ave., Suite 302
                             Doral, FL 33172
                     E-mails: nathaly@peregonza.com
                              juan@peregonza.com


                    BY:    /s/ Alan Persaud
                           Alan Persaud


Exhibit A

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

AGUSTINA LARA ESTEVEZ,

     Plaintiff,

v.                                                                CIVIL ACTION NO.

                                              CACE-21-015487 Div.: 21

SPEEDWAY LLC, a Foreign Limited Liability
Company,

     Defendant.

_____

## NOTICE OF APPEARANCE OF COUNSEL AND
## DESIGNATION OF E-MAIL ADDRESSES

     The law firm of **Littler Mendelson, P.C.** enters the appearance of **Rocio Blanco Garcia,**

**Esq.** as counsel for Defendant, **Speedway LLC** ("Defendant"), in the above-styled cause, and

requests that all papers and pleadings, notices, correspondence, orders, and other papers be served

upon the undersigned counsel. Further, pursuant to Florida Rule of Judicial Administration 2.516,

the undersigned hereby designates the following primary and secondary e-mail addresses for mail

service in the above referenced case.

                      Primary E-Mail:     rblancogarcia@littler.com
                      Secondary E-Mail:  ccano@littler.com
                      Additional E-Mail:  #MiamiECFiling@littler.com

## Exhibit A

Dated: September 7, 2021

Respectfully submitted,

*/s/ Rocio Blanco Garcia*

Rocio Blanco Garcia, Bar No. 99304
rblancogarcia@littler.com
Alan Persaud, Bar No. 1009883
apersaud@littler.com

LITTLER MENDELSON P.C.
Wells Fargo Center
333 SE 2nd Avenue
Suite 2700
Miami, FL  33131
Telephone:   305.400.7500
Facsimile:   305.675.8497

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September 2021, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal system. I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Florida Courts E-Filing Portal or in some other authorized manner.

Nathaly Saavedra, Esq.
Juan J. Perez, Esq.
Peregonza The Attorneys, PLLC
1414 NW 107th Ave., Suite 302
Doral, FL 33172
E-mails: nathaly@peregonza.com
juan@peregonza.com

BY:   */s/ Rocio Blanco Garcia*
Rocio Blanco Garcia

Exhibit A